❏ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Devices A, B, C, D, E, and F, currently located in<br>the Milwaukee Police Department (MPD) Property<br>Bureau, as further described in Attachment A. | )<br>)<br>)  Case No. 22-892M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ____5/31/22____ *(not to exceed 14 days)*

❏ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____.
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____.

Date and time issued:   ____5/17/22 @ 4:52 p.m.____                         *Nancy Joseph*
                                                                                          *Judge's signature*

City and state:   Milwaukee, Wisconsin                              Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                                          *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

1. The property to be searched is described as follows:

2. The property to be searched is described as follows:

    a. A blue iPhone phone with a clear protective case with the Apple logo inscribed on the back, and a clear stick-on protective lens on the front, hereinafter referred to as "**Device A**";

    b. A black Samsung Galaxy Note 3. The front of the device has the word "SAMSUNG" written in white lettering at the top of the device. The back of the device can be described as appearing to be faux black leather with the T Mobile logo written below the camera and the words "Galaxy Note 3" written on the bottom. This device is hereinafter referred to as "**Device B**";

    c. A black Motorola smart phone with the word Motorola written on the bottom below the screen on the front of the device. The back of the device has a protective case with a city skyline along with palm trees and is blue in color, hereinafter referred to as "**Device C**";

    d. A black ZTE smart phone with no markings on the front of the device. The back of the device has the letters ZTE written in white print in the center of the device with the word "QLink wireless" written on the bottom of the back of the device. This device is hereinafter referred to as "**Device D**";

    e. A black Samsung smart phone with a broken screen including a crack in the lower right hand corner of the device's screen, which spiderwebs along the lower half of the device. The back of the device has the word "Samsung" written

in grey text and an IMEI number listed as 355370104284193. This device is hereinafter referred to as "**Device E**";

   f. A white LG smart phone with an LG logo printed on the front bottom of the device. The back of the device has another LG logo printed in grey text. The case is described as textured with a small square consisting of four smaller squares in the lower left hand corner. This small square is likely an exterior speaker. This device is hereinafter referred to as "**Device F**."

   3. **Devices A, B, C, D, E**, and **F**, collectively the "**Devices**," are currently at the Milwaukee Police Department (MPD) Property Bureau located at 2620 West Wisconsin Avenue, in Milwaukee, Wisconsin.

   This warrant authorizes the forensic examination of the **Devices** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.      All records on the **Devices** described in Attachment A that relate to violations of Title 18, United States Code, Sections 922(a), 922(g), and 924(c); Title 21, United States Code, Section 841(a)(1); and Title 26, United States Code, Section 5861(d), involving West JONES and Jawanza WILLIAMS, including, but not limited to:

    a.  lists of customers and related identifying information;

    b.  Any evidence related to either the ownership, purchase, or possession of drugs and firearms; including but not limited to types, amounts, and prices of drugs and/or firearms trafficked as well as dates, places, and amounts of specific transactions;

    c.  any information related to sources of firearms and drugs and co-conspirators (including names, addresses, phone numbers, or any other identifying information);

    d.  any information recording schedule or travel;

    e.  all bank records, checks, credit card bills, account information, and other financial records;

    f.  Photographs and/or videos depicting possesson of drugs or firearms;

    g.  Any evidence related to either the ownership, purchase, or possession of drugs or firearms;

    h.  Records of Internet activity, including browser history, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

    i.  Any evidence related to the manufacture and/or sale of firearms.

2.      Evidence of user attribution showing who used or owned the **Devices** at the time the things described in this warrant were created, edited, or deleted,

such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Devices A, B, C, D, E, and F, currently located in the<br>Milwaukee Police Department (MPD) Property Bureau,<br>as further described in Attachment A. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.   22-892M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a); 18 U.S.C § 922(a)(1); 922(g); 924(c) & 26 U.S.C. § 5861(d) | Possession and distribution of controlled substances; unlawful possession of a firearm by prohibited person; willful engagement in firearms business without a license & receipt or possession of an unregistered firearm. |

The application is based on these facts:

See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ATF SA Anthony Winkler

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone _____ *(specify reliable electronic means).*

Date:   5/17/22

*Judge's signature*

City and state:   Milwaukee, Wisconsin

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Anthony Winkler, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search and seizure warrant authorizing the examination of property—electronic devices—which are described in Attachment A and currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been since March of 2016.  I have been assigned to the Eastern District of Wisconsin since August of 2020.  Prior to being employed as a Special Agent with the ATF, I was employed as a U.S. Secret Service Counter Sniper Technician / Uniformed Division Officer for approximately eleven (11) years. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony arrests.

3.      As a Special Agent, I have had formal training in the investigation of federal firearms violations. I have also participated in the investigation of narcotics-related offenses, which have resulted in the prosecution and conviction of

1

individuals and the seizure of illegal drugs, weapons, and other evidence of criminal activity. Additionally, I have spoken with other experienced narcotics and firearms investigators on numerous occasions concerning the method and practices of drug and firearms traffickers. Through my training and experience, I have become aware of the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I am also familiar with the actions, habits, traits, methods, and terminology used by drug and firearm traffickers and abusers of controlled substances. More specifically, I am familiar with the street names of firearms and various drugs, including marijuana, heroin, cocaine, and cocaine base. I am familiar with methods that are commonly used by drug dealers to package and prepare controlled substances for sale in the State of Wisconsin and elsewhere. I am also familiar with methods used to traffic and illegally sell firearms.

4.     As a Special Agent, I have participated in many aspects of drug and firearms investigations, including physical surveillance, execution of search warrants, undercover operations, analysis of phone and financial records, and the arrests of numerous drug and firearms traffickers. I have participated in the execution of numerous state and federal search warrants in which controlled substances, drug paraphernalia, drug proceeds, drug-related records, financial records, firearms, ammunition, firearms financial records and electronic devices with data were seized. I know that drug and firearms traffickers commonly have in

2

their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such. I have interviewed many individuals involved in drug and firearms trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of controlled substances.

5. In the course of my employment and experience, I have also become aware of techniques and practices used by narcotic and firearms traffickers to avoid detection by law enforcement. Examples of those techniques include the use of multiple locations to conduct narcotics related activities, the use of counter-surveillance, the use of mobile telephones, voice mail, texting, instant messaging, email, and the compartmentalized use of multiple telephones to further their criminal activity

6. Based upon my training and experience, I know that cellular telephones are often used to conduct and record criminal activity such as illegal narcotics or firearms sales. Narcotics and firearm trafficers often use cellular telephones to communicate with potential purchasers of narcotics or firearms. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize cellular telephones that are or contain (1) instrumentalities, fruits, or evidence of crime, or that are (2) storage devices for information about crime.

7. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers

3

during the course of their official duties, all of whom I believe to be truthful and reliable.

8.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

9.     The property to be searched is described as follows:

a.     A blue iPhone phone with a clear protective case with the Apple logo inscribed on the back, and a clear stick-on protective lens on the front, hereinafter referred to as "**Device A**";

b.     A black Samsung Galaxy Note 3. The front of the device has the word "SAMSUNG" written in white lettering at the top of the device. The back of the device can be described as appearing to be faux black leather with the T Mobile logo written below the camera and the words "Galaxy Note 3" written on the bottom. This device is hereinafter referred to as "**Device B**";

c.     A black Motorola smart phone with the word Motorola written on the bottom below the screen on the front of the device. The back of the device has a protective case with a city skyline along with palm trees and is blue in color, hereinafter referred to as "**Device C**";

d.     A black ZTE smart phone with no markings on the front of the device. The back of the device has the letters ZTE written in white print in the

4

center of the device with the word "QLink wireless" written on the bottom of the back of the device. This device is hereinafter referred to as "**Device D**";

  e. A black Samsung smart phone with a broken screen including a crack in the lower right hand corner of the device's screen, which spiderwebs along the lower half of the device. The back of the device has the word "Samsung" written in grey text and an IMEI number listed as 355370104284193. This device is hereinafter referred to as "**Device E**";

  f. A white LG smart phone with an LG logo printed on the front bottom of the device. The back of the device has another LG logo printed in grey text. The case is described as textured with a small square consisting of four smaller squares in the lower left hand corner. This small square is likely an exterior speaker. This device is hereinafter referred to as "**Device F**."

  10. **Devices A, B, C, D, E**, and **F**, collectively the "**Devices**," are currently at the Milwaukee Police Department (MPD) Property Bureau located at 2620 West Wisconsin Avenue, in Milwaukee, Wisconsin.

  11. The applied-for warrant would authorize the forensic examination of the **Devices** for the purpose of identifying electronically stored data more particularly described in Attachment B.

## PROBABLE CAUSE

  12. On April 12, 2022, at approximately 4:00 p.m., the United States Marshals (USMS) executed an arrest warrant for Jawanza WILLIAMS at 1915

5

Cornell Street in Milwaukee, WI. The USMS entered the home with credible evidence that WILLIAMS was inside. Upon entering the residence, the USMS conducted a safety sweep of the residence looking for other individuals who could present safety concerns for agents as they took WILLIAMS into custody. During the sweep of the residence, USMS observed a pistol in plain sight on the first floor as well as a small amount of marijuana. USMS also observed two small bench top drill presses with a large quantity of black and red plastic drill shavings in the basement near the drill presses. A Task Force Officer with the USMS, who is employed with ATF, recognized the drill presses with the addition of plastic shavings to be consistent with the manufacturing of firearms.

13.     Three individuals were present in the residence at this time. A records check reflected that one individual was a juvenile and the other two adult men were WILLIAMS and West JONES. WILLIAMS and JONES are felons and are thereby prohibited from possessing firearms.

14.     Based upon the firearm, marijuana, evidence of firearm manufacturing in plain view, and knowing that the two adult men located in the residence are prohibited from possessing firearms, law enforcement officers obtained a search warrant for the residence.

15.     During the execution of the search warrant, law enforcement officers located numerous red polymer 80 molds (used to assist in the manufacturing of firearms) in garbage bags in the basement as well as another firearm, three

6

suspected silencers, one polymer 80 lower pistol receiver with evidence of manufacturing mistakes, six cellular telephones (known in this document as **Devices A, B, C, D, E, and F**), and other items consistent with manufacturing firearms.

16.     **Device A** was located on the first floor in a closet. **Device B** was located in the living room on a glass coffee table. **Device C** was located in the living room on a glass coffee table. **Device D** was located in the living room on the couch. **Device E** was located in the living room inside a backpack, which was located on a table. **Device F** was located in the same backpack in the living room.

17.     The **Devices** are currently in the lawful possession of the MPD.  The **Devices** came into the MPD's possession after being seized during the execution of a search warrant.  Therefore, while MPD might already have all necessary authority to examine the **Devices**, I seek this additional warrant out of an abundance of caution to be certain that an examination of the **Devices** will comply with the Fourth Amendment and other applicable laws.

18.     The **Devices** are currently in storage at MPD Property Bureau located at 2620 West Wisconsin Avenue, in Milwaukee, Wisconsin.  In my training and experience, I know that the **Devices** have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the **Devices** first came into the possession of the MPD.

19.     Based upon my training and experience, affiant knows that individuals involved in firearms and narcotics trafficking frequently use cellular telephones to maintain contact and arrange transactions with their sources and customers of and co-conspirators in the distribution of firearms and controlled substances. Affiant has also found it very common for crime suspects to use their cellular telephones to communicate aurally or via electronic message in "text" format with individuals whom they purchase, trade, or otherwise negotiate to obtain illegal firearms and narcotics.

20.     Based on my training and experience, affiant is aware that individuals involved in trafficking of firearms and narcotics often possess multiple cellular devices to compartmentalize their illegal activity and to avoid law enforcement detection.

21.     Based upon my training and experience, affiant believes it is common for crime suspects who possess illegal controlled substances and firearms to often take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal controlled substances and firearms that they control, possess, buy, and sell; furthermore, affiant believes it is common for these photographs and visual depictions to be kept and maintained on their cellular devices.

22.     Based upon the facts described above, to include (1) my knowledge of and experience regarding the prolific use of electronic devices to facilitate the

8

possession and trafficking of firearms and narcotics; (2) JONES and WILLIAMS are convicted felons and were located in a residence with marijuana, two firearms, three suspected supressors, and indicia of firearms manufacturing; (3) JONES and WILLIAMS possessed multiple cellular telephones, which is indicative of firearm and narcotic trafficking, there is probable cause to believe that a search of the information contained within the above described **Devices** will produce evidence of criminal activity, namely, evidence related to the possession and sale of controlled substances, in violation of 21 U.S.C. § 841(a); the possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); the possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g); willful engagement in firearms business without a license in violation of 18 U.S.C § 922(a)(1); and receipt or possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).

## TECHNICAL TERMS

23.     Based on my training and experience, I use the following technical terms to convey the following meanings:

> a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications,

9

wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such

10

navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs.  Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.  PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can store any digital data.  Most PDAs run computer software, giving them many of the same capabilities as personal computers.  For example, PDA users can work with word-processing documents, spreadsheets, and presentations.  PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f.  Tablet:  A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen.  Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise.  Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions.  Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

11

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

h. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

24. Based on my training, experience, and research, I know that the **Devices** have the capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA, and all have the ability to access the internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices and any illegal activities they were used in furtherance of.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

25. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

12

26.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Devices** were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the **Devices** because:

i.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

j.    Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

k.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

l.    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

13

m. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Devices** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Devices** to human inspection in order to determine whether it is evidence described by the warrant.

28. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

29. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **Devices** described in Attachment A to seek the items described in Attachment B.

14

# ATTACHMENT A

1. The property to be searched is described as follows:

2. The property to be searched is described as follows:

    a.    A blue iPhone phone with a clear protective case with the Apple logo inscribed on the back, and a clear stick-on protective lens on the front, hereinafter referred to as "**Device A**";

    b.    A black Samsung Galaxy Note 3. The front of the device has the word "SAMSUNG" written in white lettering at the top of the device. The back of the device can be described as appearing to be faux black leather with the T Mobile logo written below the camera and the words "Galaxy Note 3" written on the bottom. This device is hereinafter referred to as "**Device B"**;

    c.    A black Motorola smart phone with the word Motorola written on the bottom below the screen on the front of the device. The back of the device has a protective case with a city skyline along with palm trees and is blue in color, hereinafter referred to as "**Device C**";

    d.    A black ZTE smart phone with no markings on the front of the device. The back of the device has the letters ZTE written in white print in the center of the device with the word "QLink wireless" written on the bottom of the back of the device. This device is hereinafter referred to as "**Device D**";

    e.    A black Samsung smart phone with a broken screen including a crack in the lower right hand corner of the device's screen, which spiderwebs along

1

the lower half of the device. The back of the device has the word "Samsung" written in grey text and an IMEI number listed as 355370104284193. This device is hereinafter referred to as "**Device E**";

      f.    A white LG smart phone with an LG logo printed on the front bottom of the device. The back of the device has another LG logo printed in grey text. The case is described as textured with a small square consisting of four smaller squares in the lower left hand corner. This small square is likely an exterior speaker. This device is hereinafter referred to as "**Device F**."

    3.    **Devices A, B, C, D, E**, and **F**, collectively the "**Devices**," are currently at the Milwaukee Police Department (MPD) Property Bureau located at 2620 West Wisconsin Avenue, in Milwaukee, Wisconsin.

This warrant authorizes the forensic examination of the **Devices** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.      All records on the **Devices** described in Attachment A that relate to

violations of Title 18, United States Code, Sections 922(a), 922(g), and 924(c); Title

21, United States Code, Section 841(a)(1); and Title 26, United States Code, Section

5861(d), involving West JONES and Jawanza WILLIAMS, including, but not

limited to:

     a. lists of customers and related identifying information;

     b. Any evidence related to either the ownership, purchase, or possession of
drugs and firearms; including but not limited to types, amounts, and
prices of drugs and/or firearms trafficked as well as dates, places, and
amounts of specific transactions;

     c. any information related to sources of firearms and drugs and co-
conspirators (including names, addresses, phone numbers, or any other
identifying information);

     d. any information recording schedule or travel;

     e. all bank records, checks, credit card bills, account information, and
other financial records;

     f. Photographs and/or videos depicting possesson of drugs or firearms;

     g. Any evidence related to either the ownership, purchase, or possession
of drugs or firearms;

     h. Records of Internet activity, including browser history, search terms
that the user entered into any Internet search engine, and records of
user-typed web addresses; and

     i. Any evidence related to the manufacture and/or sale of firearms.

2.      Evidence of user attribution showing who used or owned the **Devices**

at the time the things described in this warrant were created, edited, or deleted,

1

such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.